PER CURIAM:
Claimant brought this action for damage to his 1990 Chevrolet Van which occurred when he was traveling on U.S. Route 119 South in Upper Shephard’s Town, Mingo County, and his vehicle struck a large piece of metal protruding onto the roadway. Respondent was responsible at all times herein for the maintenance ofU.S. Route 119 in Mingo County. This claim was consolidated for hearing by the Court with claim CC-02-122, both claims having arisen out of the same or similar set of facts and circumstances. The Court is of the opinion to deny this claim for the reasons set forth more folly below.
The incident giving rise to this claim occurred on January 26, 2002, between approximately 12:30 andl2:45 p.m., on U.S. Route 119 in Upper Shephard’s Town. Earl E. Blair had been shopping and he was returning to his home in Thacker approximately thirty-five miles from the location of this incident. Mr. Blair was traveling south on U.S. Route 119 at approximately sixty-five miles per hour which is the designated speed limit. As he drove his vehicle around a curve, he observed a courtesy patrol vehicle parked on the side of the road just a short distance ahead of him with two other vehicles. As Mr. Blair approached the vehicles, he decided to maneuver his van over into the far left lane to provide a safe distance between his vehicle and the vehicles on the side of the road. However, once he got into that lane he noticed a large piece of metal sticking up in the road. Mr. Blair testified that he did not see it until his vehicle was right up on it, because it had been rolled over by the other vehicles and it was difficult to see. Claimant’s vehicle struck the metal causing the front bumper to bend, the front end was knocked out of alignment, the lower control arm was bent and the gas tank as well as the catalytic converter were destroyed. Claimant submitted a repair estimate in the amount of $ 1,674.42. He does not have comprehensive coverage on this vehicle to cover any of the losses. Claimant still owns the van, but the repairs have not been made and thus it cannot be driven on the road.
*223 Claimant alleges that respondent knew or should have known of this hazardous condition and that respondent failed to take timely and adequate measures to remedy the hazard.
Respondent contends that it did not have notice of this hazard and that it acted reasonably and diligently as soon as it discovered the hazard.
Cecil W. Collins, a transportation Worker II for respondent in Mingo County, is responsible for highway maintenance and responding to highway emergencies. He is familiar with the portion of U.S. Route 119 at issue. At this location, U.S. Route 119 is a four-lane highway approximately twenty-two feet wide with a six to eight foot berm. Mr. Collins was notified of the incident at approximately 2:00 p.m. the same day. However, Lisa Ellis, a Courtesy Patrol Driver, was the first State agent on the scene. Mr. Collins testified that Ms. Ellis contacted Berry Mullins and Terry Ooten who are assistant supervisors for respondent. According to Mr. Collins, Mr. Ooten went to the scene and determined what tools and equipment were needed to remove the metal. Mr. Collins and Mr. Ooten met at respondent’s headquarters to obtain the tools and equipment and proceeded to the scene where they removed the piece of metal from the road. Mr. Collins testified that while at the scene he observed the courtesy patrol track parked on the side of the road back beyond where the piece of metal was located. Mr. Collins also testified that this was the first time such an incident had occurred and that he had no idea how or why this occurred.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that claimant failed to establish by a preponderance of the evidence that respondent had notice of this road defect. This was the- first such incident at or near this location. Further, claimant failed to establish by a preponderance of the evidence that respondent had any reason to belieye that this piece of metal presented a risk of breaking loose. While the Court is sympathetic to the claimant, there is insufficient evidence of negligence on which to justify án award.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.